IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER L. CASH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 19-1553 |
| OFFICER SCOTT BOBAK and ANDREW MERCER, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff Christopher L. Cash filed a Motion for Leave to Amend (ECF No. 73) in which he sought to further amend his Amended Complaint. Because Plaintiff did not include his proposed amended complaint, the Court denied his motion without prejudice and instructed him to renew his motion and attach the proposed amendment. Plaintiff subsequently filed a Proposed Second Amended Complaint (ECF No. 80). While he did not file a motion seeking leave to amend as instructed, the Court will construe his proposed amendment and the prior Motion for Leave to Amend as his present motion.

Plaintiff asserted a claim for violation of his Eighth Amendment rights in his original Complaint, filed in December 2019, as well as in an Amended Complaint that was filed in January 2020. He later filed an "Addendum" on April 16, 2020 (ECF No. 32) in which he alleged that his Fourth Amendment rights were violated by the same conduct alleged in the Amended Complaint. The Court advised him that this document is not part of the Amended Complaint and that if he intended to file a second amended complaint, he must do so by motion (ECF No. 33). Plaintiff then filed a second "Addendum" on April 22, 2020 (ECF No. 34) and was again advised of the necessity of filing a motion that included the proposed amended complaint (ECF No. 35). Plaintiff

took no action at that time, either by moving to amend, requesting additional time or explaining why he was unable to file a motion.

It was not until November 2020, and well over a month after Defendants moved for summary judgment, that Plaintiff moved for additional time to seek to amend his complaint (ECF No. 61). His motion did not include a proposed amended complaint. In an order issued on November 9, 2020, the Court denied his motion but granted him an extension of time to respond to the summary judgment motions (ECF No. 62).

In his most recent motion (ECF No. 73), Plaintiff asserts that he and a person who is assisting him were delayed by issues related to COVID-19. He also states that in seeking amendment, he does not wish to add new claims or parties, but only to "cure the complaint and clarify facts." In his previous addenda, Plaintiff claimed that his Fourth Amendment rights were violated by Defendants' traffic stop. The proposed Second Amended Complaint (ECF No. 80) adds a claim for unreasonable search and seizure as well as some additional facts. Many of these facts are also set forth in the Declaration (ECF No. 76) filed by Plaintiff in opposition to Defendants' motions for summary judgment.

While Plaintiff's motion is untimely, he has provided an explanation regarding why he was previously unable to seek leave to amend. He also states that he is not adding a new claim but seeking to correct defects raised by Defendants. As both Defendants correctly note in their motions for summary judgment, Plaintiff's claim of excessive force in connection with an arrest or investigatory stop must be analyzed as an unreasonable search and seizure under the Fourth Amendment, not the Eighth Amendment. *See Rivas v. City of Passaic*, 365 F.3d 181, 189 (3d Cir.2004). While his proposed amended complaint includes both claims, they are one and the same given his status at the time.

Under the notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only required to set forth a short and plain statement of his claim and the relief he is seeking.  He has already done so in the previous Amended Complaint and its exhibits. Plaintiff has also filed a Declaration in opposition to Defendants' motions for summary judgment in support of his position. These facts are in the record and, as appropriate, will be considered with respect to the pending motions for summary judgment.  Therefore, further amendment to correct defects or to clarify facts is unnecessary.

Similarly, while his proposed amendment includes both an excessive force and unreasonable search and seizure claims, Plaintiff previously asserted an excessive force claim which, under prevailing law and the facts of record, is properly analyzed as an unreasonable search and seizure claim under the Fourth Amendment. Both Defendants have construed his claim as an unreasonable search and seizure claim under the Fourth Amendment in their motions for summary judgment.  Therefore, Plaintiff's interests are protected and amendment is unnecessary.

For these reasons, Plaintiff's Motion to Amend (ECF No. 73) is DENIED.

SO ORDERED this 16th day of February 2021.

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge