IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER L. CASH, | ) |
| Plaintiff, | ) Civil Action No. 19-1553 |
| v. | ) District Judge W. Scott Hardy |
| OFFICER SCOTT BOBAK and ANDREW MERCER, | ) Magistrate Judge Patricia L. Dodge |
| Defendants. | ) |

**MEMORANDUM OPINION**

**I.   Introduction**

In this civil rights lawsuit, Plaintiff alleges Fourth Amendment unreasonable use of force claims against Allegheny County Sheriff Deputy Scott Bobak (hereinafter, "Deputy Bobak") and City of Pittsburgh Police Officer Andrew Mercer (hereinafter, "Officer Mercer"), who engaged in a physical altercation with Plaintiff during a traffic stop in which Deputy Bobak and Officer Mercer ultimately recovered a firearm from Plaintiff. See 42 U.S.C. § 1983. On May 6, 2021, Magistrate Judge Patricia L. Dodge issued a Report and Recommendation (Docket No. 91 (hereinafter, "R&R"))[1] recommending that Officer Mercer's Motion for Summary Judgment (Docket No. 45) be granted[2] while recommending that Deputy Bobak's Motion for Summary

---

[1] Service of the R&R was made on Defendants through the Court's CM/ECF system, and they were informed that objections were due by May 20, 2021. (Docket No. 91 at 19). On May 14, 2021, Deputy Bobak filed a motion for reconsideration of the R&R (Docket Nos. 92, 93), and on May 20, 2021, Deputy Bobak filed his Objections to the R&R (Docket No. 94). On June 1, 2021, Judge Dodge issued an order denying as moot Deputy Bobak's motion for reconsideration in light of the filing of his Objections to the R&R. (Docket No. 95). Judge Dodge issued an order on July 1, 2021 noting that Plaintiff's filing of a notice in this case indicated that it was unclear whether he had received a copy of the R&R, so his deadline for filing objections to the R&R was extended until August 1, 2021, and copies of the order and the R&R were mailed to Plaintiff that same day. (Docket No. 97).

[2] No objections have been filed regarding this part of the R&R.

Judgment (Docket No. 48) be denied.  Deputy Bobak filed Objections to the R&R. (Docket No. 94).  *Pro se* Plaintiff Christopher L. Cash filed a response (Docket No. 101), and Deputy Bobak filed a reply thereto (Docket No. 104).  Deputy Bobak's Objections are now ripe for disposition.

The R&R recommends that Officer Mercer's summary judgment motion be granted upon finding no factual dispute that Officer Mercer was under a reasonable belief that Plaintiff possessed a firearm at the time of their physical altercation, and thereby entitling Officer Mercer to qualified immunity.  The R&R further recommends that Deputy Bobak's summary judgment motion be denied, however, upon finding a factual dispute regarding when Deputy Bobak saw Plaintiff in possession of a firearm, thus depriving Deputy Bobak of qualified immunity.  Deputy Bobak has objected to this part of the R&R recommending that his summary judgment motion be denied.

Central to Deputy Bobak's Objections is his disagreement with the R&R's finding that a factual dispute exists as to *when* he observed a firearm concealed in the sling that Plaintiff wore on his left arm at the time of the incident.  Deputy Bobak argues that the evidentiary record uncontrovertibly demonstrates that he observed Plaintiff's firearm at the inception of their physical encounter and *before* he purportedly slammed Plaintiff's face to the ground and punched him in the head, and that the Court must reject this part of the R&R as a matter of law and grant summary judgment in his favor because he, like Officer Mercer, is entitled to qualified immunity with respect to Plaintiff's claim against him.

For the following reasons, the R&R is accepted and adopted in part, and rejected in part, as the Court finds that both Officer Mercer's and Deputy Bobak's summary judgment motions should be granted.  Specifically, the Court rejects the R&R's determination that a genuine factual dispute exists as to whether Deputy Bobak observed the firearm in Plaintiff's sling before the allegedly excessive use of force at issue began.  Accordingly, the Court sustains Deputy Bobak's

objection on this issue and rejects those portions of the R&R discussing and relying on that finding, as contained in: the third line of the first paragraph on page 1 (recommendation that Deputy Bobak's summary judgment motion be denied); the second two paragraphs on page 14 and the first two lines on Page 15 (discussion of the parties' versions of events and the disputed facts); the last paragraph on page 18 (analysis of Deputy Bobak's entitlement to qualified immunity); and the third line on page 19 (recommendation that Deputy Bobak's summary judgment motion be denied). However, other than these specific sections, the Court accepts and adopts the R&R, including the procedural history, factual background, standard of review, discussion, and conclusion, and the Court incorporates those adopted portions of the R&R into this Memorandum Opinion.

**II.     Standard of Review**

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. See id. Upon careful *de novo* review of the record, including Deputy Bobak's summary judgment materials and the materials submitted in response thereto, the R&R, Deputy Bobak's objections to the R&R, Plaintiff's response thereto, and Deputy Bobak's reply, the Court concludes that Deputy Bobak's objections do in fact undermine the disposition recommended in the R&R with regard to his motion. Accordingly, the Court accepts the R&R's recommended disposition of Officer's Mercer's motion for summary judgment but rejects the R&R's recommended disposition of Deputy Bobak's motion for summary judgment.

### III.  Discussion

In his Objections to the R&R, Deputy Bobak argues that there is no genuine dispute of material fact as to when he observed a firearm in Plaintiff's possession, and that, as with Officer Mercer, the Court must grant summary judgment in his favor under the doctrine of qualified immunity because it cannot be concluded that Deputy Bobak knew that his conduct violated Plaintiff's Fourth Amendment Rights when using non-deadly force to take control of Plaintiff while under a reasonable belief that Plaintiff possessed a firearm.

The Court must review the evidentiary record to determine whether there is a genuine dispute of material fact calling into question when Deputy Bobak observed Plaintiff's possession of a firearm. The Court is aware that in Plaintiff's Statement of Disputed Factual Issues, he baldly asserts that a disputed issue of material fact exists as to "[w]hether Defendants observed a firearm prior to brutalizing him." (Docket No. 77, ¶ 1). However, as Judge Dodge indicates in her R&R, the facts of record here are largely taken from Defendants' concise statements of fact (Docket Nos. 44, 46), to which Plaintiff failed to respond in accordance with the Local Rules of the United States District Court for the Western District of Pennsylvania. (Docket No. 91 at 2, n.2 (discussing LCvR 56.C.1)). As Judge Dodge also explained, while Plaintiff filed a sworn declaration (Docket No. 76) in opposition to Defendants' motions in which he challenges certain facts, the facts contained in Defendants' concise statements of fact that Plaintiff did not challenge in his declaration are necessarily deemed admitted pursuant to Local Civil Rule 56.E. (Docket No. 91 at 2, n.2). Judge Dodge further noted that because Plaintiff is proceeding *pro se*, she independently reviewed the summary judgment record and where necessary cited directly to the record, and that she treated Plaintiff's Amended Complaint "'as an affidavit in opposition to summary judgment,'" which the

4

Court does in its review here as well.  (Id. (quoting Reese v. Sparks, 760 F.2d 64, 67 (3d Cir. 1985)).

After review of the entire evidentiary record, the Court notes that Plaintiff does not deny that he possessed a firearm, nor does he deny that Deputy Bobak observed the firearm in his sling.  In fact, other than stating that Defendants claim to have viewed a concealed firearm in his sling, the only reference Plaintiff makes to the firearm in his declaration[3] is early in his narrative when explaining that he was instructed to exit the vehicle, and that "[p]rior to observing a firearm, Defendant Bobak instructed Plaintiff to turn around and requested consent to search him." (Docket No. 76, ¶ 6).  Plaintiff's use of the phrase "prior to observing a firearm" connotes that Deputy Bobak did, in fact, observe a firearm at some point after instructing Plaintiff to turn around and requesting consent to search him.  What remains untold in Plaintiff's account is *when* Deputy Bobak observed the firearm and whether he made that observation before or after he allegedly "slammed Plaintiff face first to the ground" and "punch[ed] Plaintiff in the head," at which point Officer Mercer also delivered knee strikes and punches to his head and face. (Docket No. 76, ¶¶ 7-13).[4]

The missing piece of Plaintiff's story, between when Deputy Bobak initially requested consent to search Plaintiff[5] and when he slammed or struck Plaintiff's face, is filled in by uncontested record evidence recounting that, when Deputy Bobak instructed Plaintiff to exit the vehicle and told Plaintiff that he would pat him down for weapons, Plaintiff became evasive, pulled

---

[3]   Plaintiff does not mention the firearm in his Amended Complaint.  (Docket No. 13).

[4]   According to Deputy Bobak, he struck Plaintiff twice in his face with a closed fist.  (Docket Nos. 43-2 at 5; 43-3 at 8).

[5]   Deputy Bobak does not controvert Plaintiff's averment that he was asked and denied consent to be searched. (Docket No. 76, ¶¶ 6-7).  Both Plaintiff and Deputy Bobak concur that Deputy Bobak placed (or attempted to place) Plaintiff's arm (or hand) atop (or on the hood of) the vehicle, except that Plaintiff characterizes it as being done "forcefully."  (Compare Docket No. 44, ¶ 10, with Docket No. 76, ¶ 8).

his body away, and with his right hand started to reach into his jacket toward the left side of his chest.  (Docket No. 44 (Deputy Bobak's Concise Statement of Material Facts), ¶ 9 (citing Docket Nos. 43-2 at 4; 43-3 at 8)).  Deputy Bobak "attempted to place [Plaintiff's] right hand on the hood of the car when he observed that [Plaintiff] had a firearm concealed in the sling, specifically, [he] saw the back slide of a handgun."  (Docket No. 44, ¶ 10 (citing Docket Nos. 43-2 at 4; 43-3 at 8)).  At that point, Plaintiff turned from Deputy Bobak and ran approximately five to ten feet before Deputy Bobak grabbed Plaintiff's jacket and used his foot to sweep Plaintiff's right leg out from beneath him to stop his flight.  (Docket No. 44, ¶¶ 11-13 (citing Docket Nos. 43-2 at 4; 43-3 at 8)).  Then, after Deputy Bobak and Plaintiff both fell to the ground (with the firearm beneath Plaintiff), and after Plaintiff failed three times to comply with Deputy Bobak's order that he put his hands behind his back, Deputy Bobak struck Plaintiff's face.  (Docket No. 44, ¶¶ 14-19 (citing Docket Nos. 43-2 at 4-5; 43-3 at 8)).

The sequence of events that the parties relay is strikingly similar, although each party inserts certain additional allegations into their respective narratives that the other does not include.  Importantly, however, *Plaintiff has not disputed that Deputy Bobak saw the firearm in his sling when he attempted to place Plaintiff's hand on top of the vehicle*—and because he has not disputed this statement, nor is it inconsistent with his own declaration of *when Deputy Bobak had not yet seen the firearm*, the Court must deem Deputy Bobak's statement about it admitted.  In other words, Plaintiff does not deny that the firearm was observed by Deputy Bobak, nor does he allege when it was observed by him; Plaintiff merely avers that Deputy Bobak did not observe the firearm before instructing him to turn around and requesting consent to search him which, he describes, was before Deputy Bobak placed Plaintiff's right arm on the vehicle.  Thus, the facts alleged by Plaintiff are not in conflict with the facts alleged by Deputy Bobak, who states that he observed

the firearm when he attempted to place Plaintiff's hand on the vehicle and *before* striking Plaintiff's face.

The Court is constrained by the undisputed fact that Deputy Bobak observed the firearm in Plaintiff's sling *before* forcing him to the ground and striking his head or face. Because Deputy Bobak *knew* that Plaintiff was armed when he tackled him and began punching him, the R&R's analysis resulting in a rejection of Deputy Bobak's entitlement to qualified immunity must be revisited. Thus, mindful of the law regarding qualified immunity applicable in this instance and fully set forth in the R&R (Docket No. 91 at 15-17), the Court notes that in Plaintiff's recitation of events in his declaration and Amended Complaint (which are taken as true), the excessive force claim regarding Deputy Bobak relates to him "slamm[ing] Plaintiff face first to the ground" and sitting "atop Plaintiff" while "closed fist punching" him. (Docket Nos. 76, ¶¶ 10-11; 13 at 2; 13-1). According to Deputy Bobak's uncontroverted account of the incident, he observed a firearm in Plaintiff's sling when he attempted to place Plaintiff's hand on the hood of the vehicle, and then when Plaintiff ran a few strides away from him, Deputy Bobak took Plaintiff down to the ground, repeatedly ordered him to put his hands behind his back and, when Plaintiff refused, Deputy Bobak punched him in the face with a closed fist.[6] (Docket No. 44, ¶¶ 10-19). Deputy Bobak further explains that after Officer Mercer assisted him in getting Plaintiff's left hand behind his back, another Pittsburgh Officer secured the firearm at issue. (Id. ¶ 21).

As Judge Dodge found with regard to Officer Mercer, considering such facts, the question therefore "becomes whether it was clearly established on February 23, 2018, that the use of non-deadly force by a police officer to take control of an individual during a struggle with police

---

[6] Plaintiff does not include in his declaration or Amended Complaint that Deputy Bobak ordered him to put his hands behind his back and he refused or that he ran a few steps away from Deputy Bobak. Nevertheless, the Court notes that Plaintiff does not deny such facts which otherwise do not conflict with Plaintiff's own narrative.

7

officers under a reasonable belief that the individual possessed a firearm, thereby creating a substantial risk of bodily harm to others, was a violation of [Plaintiff's] constitutional rights of which a reasonable person should have known." (Docket No. 91 at 18). The Court finds that, as Judge Dodge found with regard to Officer Mercer—a finding to which Plaintiff did not object—based upon the record evidence, Deputy Bobak "made a split-second decision that, under the circumstances, was reasonable even if mistaken as to the amount of force used." (Id.). Therefore, like Officer Mercer, "[b]ased upon the state of the law at the time, it cannot be concluded that [Deputy Bobak] knew that his conduct violated [Plaintiff's] Fourth Amendment rights."[7] (Id.). Thus, the Court finds that, as a matter of law, Deputy Bobak is entitled to qualified immunity with respect to Plaintiff's Section 1983 Fourth Amendment excessive force claim against him.

### IV. Conclusion

The Court sustains Deputy Bobak's objection to the R&R's finding that a disputed issue of material of fact exists as to when Deputy Bobak saw that Plaintiff had a firearm. Therefore, the Court accepts in part and rejects in part the R&R's recommended disposition. Specifically, the Court accepts the recommendation that Officer Mercer's motion for summary judgment be dismissed for the reasons set forth in the R&R, and the Court rejects the recommendation that Deputy Bobak's motion for summary judgment be denied. Instead, the Court finds that Deputy Bobak is entitled to qualified immunity with respect to Plaintiff's claim against him, and that his motion for summary judgment should be granted as well.

---

[7] The R&R's reliance on El v. City of Pittsburgh (Docket No. 91 at 18 (quoting 975 F.3d 327 340 (3d Cir. 2020)) is inapposite because that case involved an unarmed plaintiff whereas, here, Plaintiff undisputedly had a firearm that Deputy Bobak undisputedly saw before knocking Plaintiff to the ground and hitting him.

Accordingly, the R&R (Docket No. 91) is accepted and adopted in part, and rejected in part, as fully set forth, <u>supra</u>, and Deputy Bobak's Motion for Summary Judgment (Docket No. 48) and Officer Mercer's Motion for Summary Judgment (Docket No. 45) are both granted.

An appropriate Order follows.

<u>/s W. Scott Hardy</u>
W. Scott Hardy
United States District Judge

Dated: September 24, 2021

cc: All counsel of record
Christopher L. Cash (via U.S. Mail)